6856

WOODWARD v. CAVE.

1. EVIDENCE.—AGENCY may be shown by matters within the knowledge of the witness, and by acts of the alleged agent.
2. NONSUIT.—On appeal from refusal of nonsuit this court will consider evidence offered by defendant after refusal of motion, and evidence here submitted by defendant referred to to sustain refusal of nonsuit moved on ground of failure to prove agency.

Before HYDRICH, J., Barnwell, Spring Term, 1907.   Affirmed.

Action by Edward F. Woodward against Lizzie M. Cave. From judgment for plaintiff, defendant appeals.

*Mr. B. T. Rice,* for appellant, cites: *Burden was on plaintiff to show authority of T. S. Cave & Co. to bind defendant:* 39 S. C., 554; 17 S. C., 338; 52 S. C., 114.

*Messrs. Davis & Best,* contra, cite: *Agency may be proved by agent:* 137 Ind., 197; 33 Am. D., 724.

April 11, 1908. The opinion of the Court was delivered by

MR. JUSTICE JONES. The complaint in this action alleged that on the 13th day of June, 1906, plaintiff traded defendant a horse worth $175 for a mare and agreed to give $100 to boot, giving three notes to defendant for said sum which were secured by a chattel mortgage on the mare; that defendant warranted the mare to be sound and safe for ladies to drive, and not over six years old; that she was unsound, dangerous to drive, refused to work and was over six years old. That notwithstanding defendant knew said warranty to be false, she refused to rescind the contract and return his horse, although demand was made for it and the mare offered to be returned. That defendant disposed of plaintiff's horse in order to cheat and defraud him out of the same to his damage. Judgment was demanded that the notes and mortgages be declared null and void and delivered up for cancellation and for $500 damages.

Defendant denied all the allegations of the complaint, alleged that she was a stranger to the transaction between plaintiff and T. S. Cave and is not bound thereby. Plaintiff recovered judgment for $275.

The defendant's exceptions raise the questions which we now consider.

1. It appears that the transaction was between plaintiff and T. S. Cave, the husband of the defendant, and one of the issues was whether T. S. Cave was the agent of defendant. There was no error in admitting the testimony of E. F. Woodward that T. S. Cave was acting in the transaction as the agent of defendant. The witness was not allowed to prove the agency by the mere declarations of the agent, but he was permitted to tes-

tify as to matters within his knowledge and as to the acts of the alleged agent.

2   The motion for nonsuit was properly refused.

In determining whether there should be a reversal for failure to grant a nonsuit, this Court will consider not only the testimony offered in behalf of plaintiff but also 2   that offered in behalf of defendant after refusal of nonsuit.   *Hicks* v. *Southern Ry.*, 63 S. C., 576, 41 S. E., 753; *Fales* v. *Browning*, 68 S. C., 19, 46 S. E., 545.

The defendant contends that there was no evidence connecting her with the transaction.   There was evidence that T. S. Cave was general agent in conducting business for defendant with power of attorney to sign her name, that the said notes and chattel mortgage were taken in defendant's name, that T. S. Cave kept on hand bank notes with the name of his wife, the defendant, printed thereon as payee, and that he was accustomed to negotiate such notes at the bank, indorsing her name thereon with her knowledge and consent, that the chattel mortgage was recorded in her name and the advertisement for sale of the mare under said mortgage was in her name.   This was some evidence connecting defendant with the transaction.   The defendant did not testify.   Under instruction to which no exception has been taken the jury have found for the plaintiff and we will not disturb the verdict.

The judgment of the Circuit Court is affirmed.